UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| **NSK BEARINGS EUROPE LTD., NSK EUROPE LTD., and NSK CORPORATION,** | |
| Plaintiffs, | |
| v. | Before: Timothy C. Stanceu, Judge |
| **UNITED STATES,** | Court No. 10-00289 |
| Defendant, | |
| and | |
| **THE TIMKEN COMPANY,** | |
| Defendant-Intervenor. | |

**OPINION AND ORDER**

[Granting motion for stay of proceedings pending appeal in *Union Steel v. United States*, CAFC Court No. 2012-1248]

Dated: June 4, 2012

*Alexander H. Schaefer* and *Robert A. Lipstein*, Crowell & Moring, LLP, of Washington, DC, for plaintiffs.

*L. Misha Preheim*, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, DC, for defendant. With him on the briefs were *Stuart F. Delery*, Acting Assistant Attorney General, *Jeanne E. Davidson*, Director and *Claudia Burke*, Assistant Director. Of counsel on the briefs was *Shana Hofstetter*, Office of the Chief Counsel for Import Administration, Department of Commerce.

*Geert M. De Prest*, *Terence P. Stewart*, *Lane S. Hurewitz* and *William A. Fennell*, Stewart and Stewart, of Washington, DC, for defendant-intervenor.

Stanceu, Judge: Plaintiffs NSK Bearings Europe, Ltd., NSK Europe LTD., and NSK

Corporation (collectively, "NSK" or "plaintiffs") contest an antidumping determination of the

International Trade Administration, U.S. Department of Commerce ("Commerce" or the

"Department") that the Department issued to conclude the twentieth administrative review of antidumping duty orders covering ball bearings and parts thereof (the "subject merchandise") from France, Germany, Italy, Japan, and the United Kingdom. *Ball Bearings and Parts Thereof From France, Germany, Italy, Japan, and the United Kingdom: Final Results of Antidumping Duty Admin. Reviews, Final Results of Changed-Circumstances Review, and Revocation of an Order in Part*, 75 Fed. Reg. 53,661 (Sept. 1, 2010). Plaintiffs' complaint contains a single claim challenging Commerce's use of "zeroing" in the review of the order, whereby U.S. sales of subject merchandise from the United Kingdom above normal value are assigned a dumping margin of zero, instead of a negative margin, in the calculation of the weighted-average dumping margins. Compl. ¶ 10 (Sept. 23, 2010), ECF No. 6. NSK argues that zeroing in an administrative review violates the U.S. antidumping laws and is inconsistent with international obligations of the United States. *Id*. ¶¶ 11-13.

Before the court is plaintiffs' motion to stay this case pending the final disposition of *Union Steel v. United States*, 36 CIT __, Slip Op. 12-24 (Feb. 27, 2012) ("*Union Steel*"). Pls.' Mot. for Stay of Proceedings Pending Appeal in *Union Steel v. United States* (May 2, 2012), ECF No. 45 ("Pls.' Mot."). *Union Steel* involves the question of the legality of the Department's zeroing methodology as applied to an administrative review of an antidumping duty order. *Union Steel*, 36 CIT __, __, Slip Op. 12-24, at 2. The judgment entered by the Court of International Trade in that case is now on appeal before the United States Court of Appeals for the Federal Circuit ("Court of Appeals").[1] Defendant United States and defendant-intervenor the Timken Company ("Timken") oppose the proposed stay. Def.'s Opp'n to Pls.' Mot. to Stay

---

[1] The United States filed a Notice of Appeal of the judgment in *Union Steel* on March 6, 2011. ECF No. 79 (Consol Ct. No. 11-00083). The appeal has been docketed as *Union Steel v. United States*, CAFC Court No. 2012-1248.

(May 21, 2012), ECF No. 46 ("Def.'s Opp'n"); The Timken Co.'s Resp. in Opp'n to NSK's Mot. to Stay Proceedings (May 21, 2012), ECF No. 47 ("Def-Intervenor's Opp'n").

For the reasons discussed herein, the court will grant the motion for a stay. In summary, the pending litigation in the Court of Appeals is likely to affect the disposition of plaintiffs' claim challenging the Department's zeroing practice. While the case at bar concerns a different antidumping duty order and administrative review than are involved in *Union Steel*, both cases raise the same general issue of whether the Department's application of the zeroing methodology in an administrative review of an antidumping duty order is lawful. A stay, therefore, will serve the interest of judicial economy and conserve the resources of the parties. Moreover, defendant and defendant-intervenor have failed to show, or even allege, that the proposed stay would cause them harm.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). The decision when and how to stay a proceeding rests "within the sound discretion of the trial court." *Cherokee Nation of Okla. v. United States*, 124 F.3d 1413, 1416 (Fed. Cir. 1997) (citations omitted). In making this decision, the court must "weigh competing interests and maintain an even balance." *Landis*, 299 U.S. at 257.

In opposing the motion for a stay, defendant and defendant-intervenor argue that the issue before the court is whether NSK exhausted its administrative remedies before the agency, not whether Commerce reasonably interpreted the antidumping law to permit zeroing in the twentieth administrative review. Def.'s Opp'n 3-4; Def-Intervenor's Opp'n 4. The record reveals that NSK raised an issue pertaining to zeroing in its case brief before the Department.

Case Brief of NSK, A-100-001, at 1-5 (Jun. 3, 2010) (Admin R. Doc. No. 28).  As to NSK's obligation to exhaust administrative remedies, defendant and defendant-intervenor argue that NSK, in challenging zeroing before the agency, did not raise the statutory interpretation issue now before the Court of Appeals which they characterize as an inconsistent interpretation of 19 U.S.C. § 1677(35) in investigations and in administrative reviews.  Def.'s Opp'n to Pls.' Mot. for J. upon the Agency R. 8 (Nov. 1, 2011), ECF No. 38; Resp. Br. of the Timken Co. Opposing the R. 56.2 Mot. of NSK Bearings Europe, Ltd., et. al. 6-7 (Nov. 7, 2011), ECF No. 39.

     The Court of International Trade "shall, where appropriate, require the exhaustion of administrative remedies."  28 U.S.C. § 2637(d) (2006).  In trade cases, the court has discretion with respect to whether to require exhaustion.  *See Corus Staal BV v. United States*, 502 F.3d 1370, 1381 (Fed. Cir.2007) (stating that "applying exhaustion principles in trade cases is subject to the discretion of the judge of the Court of International Trade").  The exhaustion requirement has several recognized exceptions.  *See Gerber Food (Yunnan) Co. v. United States*, 33 CIT ___, ___, 601 F. Supp. 2d 1370, 1377 (2009) (indicating situations where waiver of the exhaustion requirement has been recognized as appropriate).  Because it is possible that the outcome of the *Union Steel* litigation will make reaching the exhaustion issues raised by defendant and defendant-intervenor unnecessary, the court does not consider it a prudent use of the parties' resources and its own resources to decide the exhaustion issues at this time.  These issues, therefore, are an insufficient basis upon which to deny the pending motion for a stay.

     Defendant argues that "NSK is not entitled to a stay because it has not satisfied its burden to show that it will suffer clear hardship by proceeding with the litigation."  Def.'s Opp'n 1.  The Government submits that "NSK shifts the legal standard by suggesting that a stay would not harm the defendant or defendant intervenor" when it is the movant who must show that "it will

suffer hardship--economic harm, legal prejudice or inequity--by proceeding with litigation." *Id*. at 3. Defendant misconstrues the standard. A party moving for a stay "must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to some one else," *Landis*, 299 U.S. at 255. However, the court fails to see what harm would accrue to defendant should the stay be ordered, and defendant, in opposing the motion, does not identify any such harm, *see* Def.'s Opp'n 3-4.

Defendant-intervenor makes the argument that unlike other cases stayed by this court pending the resolution of *Union Steel*, this case is under submission and awaiting the court's judgment. The advanced stage of this litigation does not preclude a stay, and defendant-intervenor has failed to identify any harm that a stay would cause.

In conclusion, the stay sought by plaintiffs serves the interests of judicial economy and conservation of the parties' resources. No showing of harm resulting from the proposed stay has been made by defendant or defendant-intervenor. The court, therefore, will grant the pending motion.

## ORDER

Upon consideration of Plaintiffs' Motion for Stay of Proceedings Pending Appeal in *Union Steel v. United States* ("Motion for Stay"), as filed on May 2, 2012 by NSK Bearings Europe, Ltd., NSK Europe Ltd., and NSK Corporation (collectively, "NSK"), the motions in opposition filed by the United States and defendant-intervenor the Timken Company, and all other papers and proceedings herein, and upon due deliberation, it is hereby

**ORDERED** that the Motion for Stay be, and hereby is, GRANTED; and it is further

**ORDERED** that this case be, and hereby is, stayed until 30 days after the final resolution of all appellate review proceedings in *Union Steel v. United States*, CAFC Court No. 2012-1248.

/s/ Timothy C. Stanceu
Timothy C. Stanceu
Judge

Dated: June 4, 2012
New York, New York